UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| | § | CRIMINAL NO. 4:17-cr-00318 |
| JAMAL MARSHALL | § | |
| | § | |

## PLEA AGREEMENT

The United States of America by and through Abe Martinez, Acting United States Attorney for the Southern District of Texas, Jeffrey H. Wood, Acting Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice, Craig M. Feazel, Assistant United States Attorney, and Shane N. Waller, Trial Attorney in the Environmental Crimes Section of the Environment and Natural Resources Division (hereinafter "United States"), together with the defendant JAMAL MARSHALL and the defendant's attorney, Mr. Rodney Moton, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement under the following terms and conditions:

2

1.  The defendant, Jamal Marshall, agrees to plead guilty to Count One of the information in this case.

(A)  Count One charges the defendant with False Statements to Federal Agents, in violation of Title 18, United States Code, Section 1001(a)(2).  The penalty for the violation of Title 18, United States Code, Section 1001(a)(2), is a maximum term of imprisonment of up to five years, and/or a fine of up to $250,000, and a period of supervised release of up to three years.

(B)  The defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then the defendant may be imprisoned for the entire term of supervised release without credit for time already served on the term of supervised release prior to such violation.  Further, the defendant is not eligible for parole.

2.  As part of this agreement, and if the defendant persists in his plea of guilty through sentencing and fulfills the terms of this agreement:

(A) The government will not oppose a two-level reduction for "acceptance of responsibility" pursuant to Section 3E1.1(a) of the Sentencing Guidelines, provided the defendant accepts responsibility as contemplated under Section 3E1.1(a). However, the ultimate decision regarding this issue is left to the Court.

3

3.   The Agreed Factual Summary forming the basis of this plea agreement is attached and incorporated herein.

4.   This plea agreement binds only the Environmental Crimes Section and the United States Attorney's Office for the Southern District of Texas and the defendant; it does not bind any other United States Attorney.  The United States will bring this plea agreement and the full extent of the defendant's cooperation to the attention of other prosecuting offices, if requested.

5.   The defendant understands that the sentence to be imposed is within the discretion of the sentencing judge.  If the Court should impose any sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw a guilty plea and will remain bound to fulfill all of the obligations under this plea agreement.

6.   The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed.  **Knowing that, the defendant waives the right to appeal the sentence, both collaterally and directly, and the manner in which the sentence was determined under Title 18, United States Code, Section 3742.  However, the defendant reserves the right to appeal (1) any sentence above the statutory maximum; and (2) any upward departure from the Sentencing Guidelines.**  This agreement does not affect the rights or

4

obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).

The defendant is also aware that the Constitution and laws of the United States, particularly Title 28, United States Code, Section 2255, afford the defendant the right to contest or "collaterally attack" the conviction or sentence after the conviction has become final. **Knowing that, the defendant knowingly waives the right to contest or "collaterally attack" the conviction and sentence by means of any post-conviction proceeding and appeal, except upon a claim of ineffective assistance of counsel.**

7. The defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the probable sentencing range under the advisory sentencing guidelines that the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive.

8. The United States reserves the right to carry out its responsibilities under advisory guidelines sentencing. Specifically, the United States reserves the right: (a) to bring its version of the facts of this case, including its file and any investigative

5

files, to the attention of the Probation Office in connection with that office's preparation of a presentence report; (b) to dispute sentencing factors or facts material to sentencing; (c) to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office; and (d) to file a pleading relating to these issues, in accordance with Section 6A1.2 of the <u>Sentencing Guidelines and Policy Statements</u>.

9.   Prior to or at the time of sentencing, the defendant will pay to the United States Department of Justice a special assessment in the amount of one hundred dollars ($100.00) per count of conviction, as required in Title 18, United States Code, Section 3013(a)(2)(A).   The payment will be by certified check payable to Department of Justice, c/o U.S. Attorney's Office. P. O. Box 61129, Houston, Texas 77208.

10.   The defendant understands that the Court is permitted, pursuant to Section 5E1.2(I) of the advisory <u>Sentencing Guidelines and Policy Statements</u>, to order the defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment, term of supervised release and probation, if any are ordered. Furthermore, defendant agrees to pay restitution in an amount to be determined by the Court at sentencing.

6

11.  The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately.

12. The defendant represents to the Court that defendant is satisfied that his attorney has rendered effective assistance.  Defendant understands that by entering into this Agreement, he surrenders certain rights as provided in this Agreement.  The defendant understands that the rights of defendants include the following:

(A)  If the defendant persisted in a plea of not guilty to the charges, the defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the court all agree.

(B)  At a trial, the United States would be required to present its witnesses and other evidence against the defendant.  The defendant would be able to confront those witnesses and his attorney would be able to cross-examine them.  In turn, the defendant could, but would not be required to, present witnesses and other evidence on his own behalf.  If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

(C)  At a trial, the defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from

7

such refusal to testify.  However, if the defendant desired to do so, he could testify on his own behalf.

13.  The defendant understands that nothing in this plea agreement, however, will restrict access by the Probation Office or the Court to information and records in the possession of the United States, including that obtained from the defendant.

14.  If the defendant should fail in any way to fulfill completely all of the obligations under this plea agreement (at any time including after sentencing), or engage in any felonious criminal activity during the life of this agreement, or fail to appear when required, the United States will be released from its obligations under the plea agreement.  Thus, for example, if at any time the defendant knowingly withholds evidence, or otherwise is not completely truthful with the United States, an officer of the United States, any law enforcement officer, or in testimony before the grand jury or at trial; or if the defendant knowingly gives false information to the United States relating to another's participation in criminal activity, then:

(A)  The defendant may be prosecuted for perjury, false declaration, false statement, and/or obstruction of justice or any other offenses that may have been committed;

8

(B)   Any information and documents that have been disclosed by the defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom will be used against the defendant in any prosecution;

(C)   The United States will be permitted to recommend to the Court any sentence it considers appropriate, up to and including the maximum possible sentence.

15.   Whether the defendant has breached any provision of this plea agreement, if contested by the parties, shall be determined by the United States Attorney, whose decision in that regard is final.

16.   This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel.  The United States is only bound by the representations contained in writing in this plea agreement.  The defendant acknowledges that no other guarantees have been made or promised other than what is outlined in this plea agreement.  The defendant further acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty.

9

Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

JAMAL MARSHALL - Defendant

SUBSCRIBED AND SWORN TO BEFORE ME on this the ___24___ day of AUGUST, 2017.

DISTRICT COURT CLERK

By: _____
Deputy Clerk

APPROVED:

ABE MARTINEZ
Acting United States Attorney
Southern District of Texas
BY:

_____               Date: August 24, 2017
Craig M. Feazel  -  Assistant U.S. Attorney
Southern District of Texas – Houston Div.

/S/ Shane N. Waller
Shane N. Waller  -  Trial Attorney, DOJ

_____               Date: August 24, 2017
RODNEY MOTON - Attorney for Defendant
RODNEY MOTON

10

I have consulted with my counsel and fully understand all my rights with respect to the information pending against me and I understand the elements of the offense charged against me.  Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the advisory <u>Sentencing Guidelines and Policy Statements</u> which may apply in my case.  I have read this plea agreement and carefully reviewed every part of it with my attorney.  I understand this agreement and I am entering this agreement and plea of guilty freely and voluntarily in the exercise of my own good judgment, because I am guilty and for no other reason.

Date: <u>August 24, 2017</u>

JAMAL MARSHALL - Defendant

11

I have fully explained to the defendant his rights with respect to the pending information.  Further, I have reviewed the provisions of the advisory <u>Sentencing Guidelines and Policy Statements</u> and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case.  I have carefully reviewed every part of this plea agreement with the defendant.  To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary.

Date: <u>August 24, 2017</u>

Rodney Moton - Attorney for Defendant

UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| | § | CRIMINAL NO. 4:17-cr-00318 |
| JAMAL MARSHALL | § | |
| | § | |

AGREED FACTUAL SUMMARY

If this matter had gone to trial, the United States would have proven Count One of the criminal information beyond a reasonable doubt, by proof of the following facts, among others:

Reef fish, such as red snapper (*Lutjanus campechanus*) and vermilion snapper (*Rhomboplites aurorubens*), provide significant economic benefits to the state of Texas from both commercial and recreational fishing. Red snapper, the most popular reef fish in the Gulf of Mexico, are a top predator in the Gulf ecosystem, prized among recreational fishermen, and a valued offering at restaurants. Unsustainable catch rates have led to declines in the populations of these two fish. At their lowest point, vermilion snapper stocks were estimated to be at 20 percent of their historical abundance, and red snapper stocks were estimated to be at only three percent. In order to protect this important fishery, the National Oceanic and

Atmospheric Administration ("NOAA") established catch limits for both red snapper and vermilion snapper. These catch limits have led to an increase in the population of both species in recent years.

Jamal Marshall is a recreational fisherman who resides in Freeport, Texas. Beginning in June 2013, and continuing through March 2016, Marshall caught large, commercial quantities of seafood off the coast of Texas in violation of state and federal law. Marshall sold this seafood to restaurants in Houston, Texas. Marshall sold approximately $85,149 worth of seafood during this time period.

Marshall hired other individuals, including Jacob Brown, to help him illegally harvest fish. Brown assisted Marshall on at least two occasions in February and March, 2016. In return, Marshall paid Brown $200 for each trip.

On March 26, 2016, Marshall, Brown, and a third fisherman travelled into federal waters for the purpose of harvesting fish. At that time, the three knew that the fishing season for vermilion snapper was open, but the red snapper season was closed. The three also knew that the recreational catch limit per trip for vermilion snapper was 10 per person, and when the season was open, the red snapper recreational catch limit per trip was 2 per person. Nevertheless, the three disregarded these rules and illegally caught 488 red snapper and 154 vermillion snapper. The fish were stored inside coolers and storage compartments aboard the vessel.

As Brown piloted the vessel back to shore, it was stopped by a United States Coast Guard ("USCG") patrol vessel in the intercostal waterway near Freeport, Texas. USCG personnel boarded the vessel to conduct a water safety inspection and asked Brown the purpose of their trip. Brown told the USCG personnel that they had been fishing off-shore. USCG personnel observed five coolers on the vessel, and asked Brown what was inside the coolers. Brown falsely stated that the coolers contained ice and drinks. Thereafter, USCG personnel asked Brown to follow them to the marina in Surfside, Texas, where they could complete the water safety inspection. At the marina, the coolers and two built-in storage compartments were opened, and all contained red colored fish.

Shortly thereafter, law enforcement agents with the Texas Parks and Wildlife Department and the NOAA arrived and inventoried the fish recovered from the vessel. The agents determined that the vessel contained approximately 1,690 pounds of red snapper, 156 pounds of vermillion snapper, and 128 pounds of grouper. In total, the fish weighed 1,910 pounds and had a retail value of approximately $30,000.

Special agents with the NOAA Office of Law Enforcement interviewed Marshall. During the interview, Marshall confirmed that they had caught the fish recovered from the vessel. However, Marshall falsely stated that the fish were caught for a church fish fry and he had no intention to sell the fish. Further, Marshall

falsely stated that they had never sold fish in the past to any restaurants or seafood dealers.

Marshall was asked by special agents to write a voluntary statement. Although he had previously made more than $85,000 from the sale of fish to restaurants, Marshall falsely wrote that he had only made "4 trips," that he had caught "a few coolers of fish sometimes," and that he would give these fish away or sell them to friends.

//

//

//

//

//

//

//

//

//

//

//

//

//

The defendant acknowledges that the foregoing statement of facts does not describe all of the defendant's conduct relating to the offenses charged in this case nor does it identify all of the persons with whom the defendant may have engaged in illegal activities.

Respectfully submitted,

ABE MARTINEZ
Acting United States Attorney

Date: August 24, 2017

Craig M. Feazel
Assistant United States Attorney
United States Attorney's Office
Southern District of Texas
1000 Louisiana, Ste. 2300
Houston, TX 77002
Phone Number: (757) 441 6331
E-Mail Address: craig.feazel@usdoj.gov

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

Date: August 24, 2017

/S/Shane N. Waller
Shane N. Waller
Trial Attorney
Environment and Natural Resources Division
United States Department of Justice
601 D. Street, NW
Washington, D.C. 20579
Phone Number: (202) 305-0362
E-Mail Address: shane.waller@usdoj.gov

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, JAMAL MARSHALL, and the United States, I hereby stipulate that the above Agreed Factual Summary is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Date : August 24, 2017

JAMAL MARSHALL
Defendant

I am Rodney Moton, JAMAL MARSHALL's, attorney. I have carefully reviewed the above Agreed Factual Summary with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Date : August 24, 2017

RODNEY MOTON
Attorney for JAMAL MARSHALL